ROSSEAU (BALDWIN v.). See Case No. 803.

## Case No. 12,082.

ROSSITER et al. v. HALL.

[5 Blatchf. 362.] [1]

Circuit Court, E. D. New York. Dec. 3, 1866.

COPYRIGHT — PHOTOGRAPHIC COPIES — NOTICE OF COPYRIGHT.

1. Under the copyright act of February 3, 1831 (4 Stat. 436), it is an infringement of a

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

copyright for an engraving, to reproduce copies of it by the photographic process.
[Cited in Werckmeister v. Pierce & Bushnell Manuf'g Co., 63 Fed. 448.]

2. Under the provision of the 5th section of said act, which requires a copyrighted engraving to have the information that it is copyrighted "impressed on the face thereof," it is a sufficient compliance with the law, if such information be engraved on the plate and printed from it, in such a position as not to be covered when the picture is properly framed with a reasonable margin.

In equity. This was an application [by Thomas P. Rossiter and Louis R. Mignot] for a provisional injunction, to restrain the defendant [Joseph Hall] from making and selling photographic copies of a copyrighted engraving called "The Home of Washington." The copyright was secured in 1863.

Charles Tracy, for plaintiffs.
Ira D. Warren, for defendant.

BENEDICT, District Judge. This case comes before me upon a motion for an injunction to restrain the defendants from producing and selling photographs of an engraving known as "The Home of Washington." The papers read show that the engraving in question is a duly copyrighted engraving, owned by the plaintiffs, and that the defendant, by the photographic process, has produced a negative representation of this engraving, from which he prints photographs of it in various sizes, and is disposing of the same without the consent of the plaintiffs. This the defendant claims the right to do, upon the ground that the copyright laws do not forbid the making of photographs of copyrighted engravings.

The act of February 3, 1831 (4 Stat. 436), in the first section, declares, that any person who shall invent, design, etch, engrave, work, or cause to be engraved, etched, or worked from his own design, any print or engraving, shall have the sole right and liberty of printing, reprinting, publishing, and vending such print, cut, or engraving, in whole or in part; and, in the seventh section, it declares, that if any person shall engrave, etch or work, sell or copy, or cause to be engraved, etched, worked, or sold, or copied, either on the whole or by varying, adding to or diminishing the main design, with intent to evade the law, such offender shall forfeit the plate on which such engraving, cut, or print, shall be copied, and shall further forfeit one dollar for every sheet of such print, cut, or engraving, which may be found in his possession.

The argument of the defendant is, that the exclusive privilege given by the first section of the act, does not include the photographing the copyrighted engraving, because that is not a "printing" or a "reprinting," and that the general words of the seventh section cannot be held to forbid in others what has not been exclusively reserved to the author by the words of the first section; and, further, that photographing could not have

been within the intent of the law-makers, as the art of photography had not been discovered when the act was passed. In support of such a construction, the decision of Judge Shipman, in the case of Wood v. Abbott [Case No. 17,938], is cited. I cannot agree to the construction of the act which is contended for. In my opinion, sections one and seven should be read together; and, so taken, the words used disclose a clear intent to protect a copyrighted work from such a mode of duplication as is practised by the defendant. Section seven provides, that any person who shall engrave, etch or work, sell or copy the engraving, shall be an offender. "The word "copy" is a general term, added to the more specific terms before used, for the very purpose of covering methods of reproduction not included in the words" "engrave, etch or work," and, if it covers anything, should cover the photographic method, which, more nearly than any other, produces a perfect copy. This construction of the American act is sustained by the construction given by the English courts to the British act, which contains the word "copy," used in a similar connection. Hence, in Gambart v. Ball, 14 C. B. (N. S.) 306, where the question was, whether the copyright of the engraving of Rosa Bonheur's "Horse Fair" was infringed by photographing it, Erle, C. J., says: "Is a reproduction of the print by photography a manner of copying? To that I answer in the affirmative." And the three other judges express the same opinion. Indeed, to hold otherwise, would work a substantial repeal of the copyright laws in many cases. For, not only engravings but books .may be reproduced by the photographer, and, under the construction claimed by the defendant, authors and publishers would be in no way protected against such reproduction of their works, while the art has been carried to such perfection that the photographic copies of certain classes of engravings, which can be produced at a trifling cost, are, for the purposes of trade, nearly or quite equal to the originals. It needs but an allusion to the amendment to the copyright law of 1831, passed in 1865 (Act March 3, 1865; 13 Stat. 540), to dispel any doubt as to the proper construction of the act of 1831. This amendment was passed in order to protect original photographs, which were supposed not to be embraced by the words "print, cut, or engraving," used in the act of 1831. In order to accomplish that, it simply provides, that the provisions of the act of 1831 "shall extend to and include photographs and the negatives thereof, which shall hereafter be made, and shall enure to the benefit of the authors of the same, in the same manner and to the same extent, and upon the same conditions, as to the authors of prints and engravings." But it does not add the word "photograph" to the words used in the seventh section. If, then, the word "copy" does not cover the photographic process, photographs can with im-

punity be reproduced by the only method ever likely to be resorted to for the purpose, and the amendment gives them no protection at all. The construction I have given to the act of 1831 is necessary to render of any beneficial effect the amendment of 1865.

This conclusion is entirely consistent with the construction given to the act of 1831 in the decision of Judge Shipman cited by the defendant. What Judge Shipman decided in that case was, that, previous to the amendment of 1865, a photograph could not be the subject of a copyright, as it was not a print, cut, or engraving, within the meaning of the 1st section of the act of 1831. The learned judge did not decide or discuss the question whether the word "copy," in the 7th section, includes photographic copies, which is the question here.

Another point taken by the defendant should also be noticed, which is, that the plaintiffs' engraving did not have upon it the information that it was a copyright, required, by the 5th section of the act, "to be impressed on the face thereof." It appears, that the usual legal memorandum of copyright was, in this case, in engraved letters, placed some three inches below the picture itself, and printed with the picture from the plate. The affidavit of Mr. Knoedler shows, that the notice would be seen in the margin of the print when properly framed, and that it was placed in the usual position. The defendant claims that the words of the act, "impressed on the face thereof," require the notice to be placed on the picture itself instead of on the margin. But I think, that, when the required notice is plainly engraved on the plate from which the print is taken, within the line of a reasonable margin, and where it would not be covered when properly framed, it is impressed on the face, within the meaning of the act.

It seems, therefore, quite clear, that the defendant is infringing upon the plaintiffs' copyright, and I must grant the motion for an injunction to restrain him.